UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
ALEXANDER WILLIAMS,

               Plaintiff,

      -against-

LAWRENCE DEARBORN,
IAN ROGERS,
JOSEPH CHAMPAGNE,
KEITH GILBO and
TIMOTHY ALLEN,

               Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**COMPLAINT**   9:25-cv-373   MAD/PJE

Plaintiff Demands a
Trial by Jury

      Plaintiff, by his attorneys Sivin, Miller & Roche LLP, complaining of Defendants, alleges as follows, upon information and belief:

## THE PARTIES AND JURISDICTION

      1. That at all times herein mentioned, Plaintiff was and is a citizen of the State of New York.

      2. That at all times herein mentioned, Plaintiff was an incarcerated individual in the care, custody, and control of the New York State Department of Corrections and Community Supervision (DOCCS).

      3. That at all times herein mentioned, Plaintiff was housed at Clinton Correctional Facility (Clinton), in Dannemora, New York.

      4. That at all times herein mentioned, Defendant Lawrence Dearborn (Dearborn) was a correction sergeant employed by DOCCS at Clinton.

      5. That at all times herein mentioned, Dearborn was acting within the course and scope of his employment as a DOCCS correction sergeant.

6. That at all times herein mentioned, Dearborn was acting under color of state law.

7. That at all times herein mentioned, Defendant Ian Rogers (Rogers) was a correction officer employed by DOCCS at Clinton.

8. That at all times herein mentioned, Rogers was acting within the course and scope of his employment as a DOCCS correction officer.

9. That at all times herein mentioned, Rogers was acting under color of state law.

10. That at all times herein mentioned, Defendant Joseph Champagne (Champagne) was a correction officer employed by DOCCS at Clinton.

11. That at all times herein mentioned, Champagne was acting within the course and scope of his employment as a DOCCS correction officer.

12. That at all times herein mentioned, Champagne was acting under color of state law.

13. That at all times herein mentioned, Defendant Keith Gilbo (Gilbo) was a correction officer employed by DOCCS at Clinton.

14. That at all times herein mentioned, Gilbo was acting within the course and scope of his employment as a DOCCS correction officer.

15. That at all times herein mentioned, Gilbo was acting under color of state law.

16. That at all times herein mentioned, Defendant Timothy Allen (Allen) was a correction sergeant employed by DOCCS at Clinton.

17. That at all times herein mentioned, Allen was acting within the course and scope of his employment as a DOCCS correction sergeant.

18. That at all times herein mentioned, Allen was acting under color of state law.

19. That this Court has jurisdiction over this action in that the action arises under 42 U.S.C. § 1983 and alleges violations of Plaintiff's civil rights, including rights guaranteed under the Eighth Amendment to the United States Constitution.

20. That venue is proper in the Northern District of New York, which is where the events underlying this lawsuit occurred.

## THE FACTS

21. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

22. On December 5, 2022, Plaintiff was inside the gymnasium at Clinton, when another incarcerated individual (I/I) suddenly threw a punch at Plaintiff's head.

23. Following this attack by the other I/I, Plaintiff and the other I/I grappled, and other I/Is then rushed to the scene in an apparent attempt to assist in the attack on Plaintiff.

24. Plaintiff then was able to break away and run from his assailants to another area of the gymnasium.

25. Correction officers inside the gym, after observing at least part of the melee, ordered all involved to lie face down on the ground, and Plaintiff complied with that order.

26. Plaintiff then was handcuffed from behind, and escorted out of the gymnasium.

27. After Plaintiff was escorted out of the gymnasium, Defendants, acting collectively and in concert with each other, initiated a brutal, unprovoked physical attack

on Plaintiff which included, but was not limited to, punching Plaintiff multiple times in the ribs.

28. Each of the Defendants observed the physical attack on Plaintiff by the co-Defendants, and each had reasonable opportunities to intervene to prevent and/or stop that attack, and each intentionally and deliberately failed and refused to do so.

29. The actions of Defendants were sadistic and malicious, and undertaken with the intention of causing Plaintiff to suffer and to endure physical pain.

30. The actions of Defendants were not undertaken in a good-faith attempt to maintain or restore order.

31. As a result of Defendants' actions, Plaintiff sustained serious physical injuries, including but not limited to multiple fractured ribs.

32. As a result of Defendants' actions, Plaintiff also endured, and will continue to endure, physical and emotional pain and suffering and loss of enjoyment of life, and has been otherwise damaged.

### FIRST CAUSE OF ACTION
### (42 USC § 1983: Eighth Amendment)

33. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

34. The aforementioned actions by Defendants were in violation of the rights guaranteed to Plaintiff under the Eighth Amendment to the U.S. Constitution to be free from cruel and unusual punishment.

35. That as a result thereof, Plaintiff is entitled to recover damages from Defendants pursuant to 42 U.S.C. § 1983.

WHEREFORE, Plaintiff seeks judgment on the aforementioned cause of action against Defendants for compensatory damages and punitive damages in amounts to be determined by the trier of fact, and Plaintiff also seeks attorney's fees against Defendants pursuant to 42 U.S.C. § 1988, and Plaintiff seeks interest, costs, and disbursements of this action.

Dated:  New York, New York
        March 25, 2025

Yours, etc.
Sivin, Miller & Roche LLP

By s/ *David Roche*
David Roche
Attorneys for Plaintiff
20 Vesey St., Suite 1400
New York, NY  10007
(212) 349-0300